**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CORY S. MARCINUK, | DOCKET NUMBER |
| Appellant, | PH-0752-18-0329-I-1 |
| v. | |
| DEPARTMENT OF STATE, | DATE: June 14, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Cory S. Marcinuk, Methuen, Massachusetts, pro se.

Marianne Perciaccante, Esquire, and Christine Hulsizer, Washington, D.C.,
for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal from the position of Passport Specialist. On petition for review, the appellant argues, among other things, that the administrative judge committed adjudicatory error by refusing to allow argument regarding the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

agency's failure to promote the appellant, not allowing discovery regarding the appellant's previous suspensions, and finding that he was not a qualified individual with a disability. The appellant also argues that the administrative judge failed to rule on his motion to compel discovery, failed to address a recent Equal Employment Opportunity Commission (EEOC) decision, failed to consider all of the evidence, and failed to consider whether the agency properly relied on prior discipline in its penalty selection. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address several matters not specifically addressed by the administrative judge, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

Absent an abuse of discretion in the administrative judge's handling of discovery related matters, the Board will not find reversible error. *See Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 16 (2016); *Rodgers v. Department of the Navy*, 122 M.S.P.R. 559, ¶ 21 (2015). Here, the appellant's assertion that the administrative judge erred by failing to rule on the appellant's motion to compel discovery is unavailing. Petition for Review (PFR) File, Tab 1 at 2. The

appellant served a round of discovery on the agency, and after the agency responded, the appellant filed a motion to compel. Initial Appeal File (IAF), Tab 23. The agency opposed the motion, arguing that the appellant's round of discovery was untimely and that the appellant failed to discuss the anticipated motion with the agency in violation of the Board's regulations. IAF, Tab 26. The appellant did not respond to the agency's opposition. Under these circumstances, the administrative judge's failure to rule on the appellant's motion to compel did not constitute an abuse of discretion. In any event, the administrative judge's failure to address the discovery issue in his initial decision did not prejudice the appellant's substantive rights. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

The appellant's assertion that the administrative judge erred by failing to mention a recent decision by the EEOC in a disability discrimination case, *Solomon v. Tillerson*, EEOC Appeal No. 0120160352 (Feb. 22, 2018), is also unavailing. PFR File, Tab 1 at 2; IAF, Tab 27 at 16-23. The appellant contends that the EEOC decision is relevant to his allegation of disability discrimination because it addresses alleged discrimination against a Passport Specialist in another agency location. PFR File, Tab 1 at 2. In its decision, the EEOC found that a Passport Specialist at that facility was a qualified individual with a disability and ordered that the agency accommodate him. IAF, Tab 27 at 18-20. The EEOC decision is not relevant to the disposition of the appellant's allegation of discrimination, however, because the appellant failed to prove that he is a qualified individual with a disability.

On review, the appellant argues that the administrative judge did not consider all of the evidence he submitted at Tabs 27 and 31 of the initial appeal file. PFR File, Tab 1 at 2-3. It is well settled, however, that an administrative judge's failure to mention all of the evidence of record does not mean that he did

not consider it in reaching his decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

Finally, on review the appellant argues that the administrative judge failed to consider his arguments about the propriety of a previous 5-day suspension and a 14-day suspension, apparently as they relate to the penalty analysis. PFR File, Tab 1 at 3; IAF, Tab 27 at 5-7. The Board's review of a prior disciplinary action is limited to determining whether: (1) the employee was informed of the action in writing; (2) the action is a matter of record; and (3) the employee was permitted to dispute the charges before a higher level of authority than the one that imposed the discipline. *Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 339-40 (1981). Here, the appellant was informed of both suspensions in writing, the action was a matter of record, and the appellant was permitted to dispute the charges before a higher level of authority. IAF, Tab 5 at 56-64, 66-72. Thus, the Board will not review those actions except to the extent that they were clearly erroneous in the sense that they leave the Board with the "definite and firm conviction that a mistake has been committed." *Bolling*, 9 M.S.P.R. at 340. Here, the appellant has not shown that the previous suspensions were clearly erroneous. Therefore, to the extent that the administrative judge erred in failing to address the appellant's assertion that prior discipline should not be considered in determining the penalty for the sustained misconduct, his error did not harm the appellant's substantive rights. An adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision. *Panter*, 22 M.S.P.R. at 282.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.

review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[3]   The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:    _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.